IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-1281-D |
| | ) | |
| DANNIE THOMAS FLETCHER, JR., | ) | |
| and SUZANNE K. FLETCHER, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Before the Court is Plaintiff's Motion for Summary Judgment [Doc. No. 8]. Defendants have responded [Doc. No. 9] and Plaintiff has filed a reply [Doc. No. 12]. Plaintiff moves for judgment as a matter of law in its favor as a result of Defendants' default on certain promissory notes with the Farm Service Agency, United States Department of Agriculture.

**I.  Standard Governing Summary Judgment**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way," and it is material "if under the substantive law it is essential to the proper disposition of the claim." *Becker v. Bateman*, 709 F.3d 1019, 1022 (10th Cir. 2013) (internal quotation marks omitted). In making this determination, the Court must view the evidence, and draw reasonable inferences therefrom, in the light most favorable to the party opposing summary judgment. *Garrison v. Gambro, Inc.,* 428 F.3d 933, 935 (10th Cir. 2005).

"The movant bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law." *Adler v.*

*Wal–Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir.1998) (citation omitted). The burden then shifts to the nonmovant to "go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Id*. at 671 (citations omitted); *see also* Fed. R. Civ. P. 56(c)(1)(A). The nonmovant must identify facts by reference to affidavits, deposition transcripts or specific exhibits. *Id*. "The court need consider only the cited materials, but may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). The Court's inquiry is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Conclusory allegations will not create a genuine issue of material fact defeating a summary judgment motion. *White v. York Int'l Corp.*, 45 F.3d 357, 363 (10th Cir.1995).

## II.     Plaintiff's Motion for Summary Judgment

Plaintiff filed its Complaint for Chattel Foreclosure [Doc. No. 1] after Defendants, Dannie Thomas Fletcher, Jr. and Suzanne K. Fletcher (jointly, the Fletchers), defaulted on certain promissory notes, motor vehicle liens and security agreements held by the Farm Service Agency. Plaintiff seeks an *in personam* judgment against the Fletchers in the principal amount of $83,415.47 and interest as of August 14, 2014, with interest continuing to accrue at the rate of $11.20223 *per diem* as of August 14, 2014, until the date of judgment. Plaintiff further seeks an order of foreclosure on its security agreements and the sale of the vehicle, a 2005 Chevrolet pick-up truck, serial number 1GCJK33265F919308, which serves as collateral on the Fletcher's obligation.

The undisputed evidence contained in Plaintiff's motion and the existing record demonstrate that summary judgment is appropriate. The record establishes that the Fletchers failed to make

payments as they became due under the terms of the promissory notes at issue. The Fletchers last voluntary payment was received on December 18, 2008. As a result, the Fletchers are in default and under the terms of the promissory notes, Plaintiff may declare all or any part of the Fletchers' indebtedness immediately due and payable.

In their objection [Doc. No. 9], the Fletchers do not dispute that they are in default under the terms of the promissory notes. Instead, the Fletchers contend they were promised a "Fair Market" buyout by their long-time FSA County Supervisor but the supervisor was either replaced or resigned and the promised offer was not forthcoming. They further contend they have not been provided an accounting of the debt owed. In addition, the Fletchers contend they have not been provided any discovery disclosures, as required by Fed. R. Civ. P. 26, and they do not have access to material which may support their defenses in this action. However, the Fletchers submit no affidavit or declaration to demonstrate that they cannot present facts essential to justify their opposition to Plaintiff's summary judgment motion. *See* Fed. R. Civ. P. 56(d). Nor do the Fletchers otherwise present any evidence to support their purported defenses.

Moreover, Plaintiff has filed a reply [Doc. No. 12], and submitted an Affidavit [Doc. No. 12-1] setting forth the history of the Fletchers' interactions with the Farm Service Agency and demonstrating the administrative servicing rights offered to the Fletchers, including the opportunity to apply for restructuring of their loans. As stated in the Affidavit, the Fletchers wholly failed to respond to the Farm Service Agency with respect to these matters. The Affidavit further sets forth the amounts borrowed by the Fletchers, and an accounting of all credits and offsets made to date. The Court finds, therefore, that summary judgment in favor of Plaintiff is appropriate.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Summary Judgment [Doc. No. 8] is GRANTED and Defendants Dannie Thomas Fletcher, Jr. and Suzanne K. Fletcher are jointly and severally liable in the total sum of $83,415.47 principal as of August 14, 2014, plus interest accruing after that date of $11.20223 *per diem* to the date of judgment and that the vehicle, a 2005 Chevy pick-up truck, serial number 1GCJK33265F919308, as more fully identified in the Complaint for Chattel Foreclosure, shall be foreclosed and sold according to law. A separate judgment shall be entered accordingly.

IT IS SO ORDERED this 8th day of April, 2015.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE